**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Nathaniel Jones, | ) | Civil Action No.: 4:19-cv-00779-JMC |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| Grantham & Properties, | ) | |
| Defendant. | ) | |

Plaintiff Nathaniel Jones, proceeding *pro se*, filed this action against Defendant Grantham & Properties seeking damages for ejection from the house Plaintiff leased. (ECF No. 1-1 at 11.) Plaintiff filed a Notice of Removal from the Florence County Court of Common Pleas (ECF No. 1.) This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report"), filed on April 4, 2019. (ECF No. 14.) For the reasons stated below, the court **ACCEPTS** the Report (ECF No. 14), and **REMANDS** this case to the Florence County Court of Common Pleas.

## I. FACTUAL AND PROCEDURAL HISTORY

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 14.) Defendant, Plaintiff's landlord, is or was attempting to eject Plaintiff from the house Plaintiff leased. (ECF No. 1-1 at 11.) Plaintiff claims the ejection is a seizure of property without due process in violation of the Fourteenth Amendment, and is retaliation for exercising his right to free speech in violation of the First Amendment. (*Id.* at 3-4.) Plaintiff appears to seek unspecified damages and to request a mediation. (*Id.* at 6-7.)

Plaintiff filed this case in the Florence County Court of Common Pleas on November 28, 2018 (*id.* at 3), and filed a Notice of Removal thereby removing this case to the United States District Court, District of South Carolina, Florence Division on March 12, 2019. (ECF No. 1.)

## II.  LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Yet, even though *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solitude' with which a district court should view *pro se* complaints does not transform the court into an

2

advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ANALYSIS

Plaintiff removed this case from the Florence County Court of Common Pleas to the United States District Court, District of South Carolina, Florence Division. (ECF No. 1.) However, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). (ECF No.14.) The United States Supreme Court commands that "[d]ue regard for the rightful independence of state governments … requires that [federal courts] scrupulously define their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). (*Id.*) In addition, "[r]emoval statutes must be strictly construed against removal." *Scott v. Greiner*, 858 F. Supp. 607, 610 (S.D.W. Va. 1994). (*Id.*)

28 U.S.C. § 1441(a) provides that defendant or defendants may remove any civil actions brought in a state court of which the district courts of the United States have original jurisdiction, to the district court of the United States. Construing the statutory language strictly, the right to remove is exclusively available to the defendant. *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972). (*Id.*) Therefore, Plaintiff has failed to properly invoke the jurisdiction of the federal court, and the matter should be remanded sua sponte to state court. (*Id.*)

Plaintiff filed an Objection to the Report on April 10, 2019. (ECF No. 18.) The Objection alleges that 42 U.S.C. § 1983 gives defendants and plaintiffs the same right to remove a civil case from state court to federal court, and that plaintiffs should not be discriminated against. (ECF No. 18 at 13.) Plaintiff's reading of the statute is not accurate. Section 1983 concerns only civil actions for deprivation of rights, while the right to remove a case remains governed by 28 U.S.C. § 1441. As previously explained, the statutory language is to be strictly construed, limiting the right to remove only to defendants. In addition, multiple federal courts have similarly held that the right to

remove a state court case to federal court is clearly limited to defendants. *See Palisades Collections LLC v. Shorts*, 552 F.3d 327, 330 (4th Cir. 2008) (remanding the case because the moving party is not a defendant for the purpose of removal under § 1441); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988). Upon review of the record, no clear errors were found. Therefore, the court overrules Plaintiff's Objection.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14) and **REMANDS** Plaintiff's case to the Florence County Court of Common Pleas. (ECF No. 1.)

**IT IS SO ORDERED.**

United States District Judge

June 12, 2020
Columbia, South Carolina